IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TYRONE L. HAYES**                                                                                  **PLAINTIFF**

v.                            Civil No. 6:13-cv-06069-RTD-BAB

**MICHELLE REEVES, et al**                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Reopen Case. ECF No. 29. Defendants have not responded to this motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this motion to the undersigned for decision. After careful consideration, the undersigned makes the following Report and Recommendation.

**1. Background:**

At the time Plaintiff filed his Complaint, June 18, 2013, he was incarcerated in the Arkansas Department of Corrections, Cummins Unit in Grady, Arkansas ("ADC"). On February 5, 2014, Defendants filed a Motion for Summary Judgment. ECF No. 20. On February 7, 2014, the Court sent Plaintiff a Notice asking if he would like the Court's assistance in responding to Defendants' Motion for Summary Judgment. ECF No. 23. Plaintiff was ordered to return the Notice by February 28, 2014. *Id.* Plaintiff failed to return the Notice or respond to Defendants' Motion for Summary Judgment.

On July 14, 2014, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to the Court's February 7, 2014 Order. ECF No. 25. Plaintiff's response to the Show Cause Order was due by July 28, 2014. *Id.* Plaintiff failed to respond. The Order

to Show Cause was sent to Plaintiff's last known address of record, and it was not returned to the Court as undeliverable mail.  On August 29, 2014, Plaintiff's Complaint was dismissed with prejudice for failure to comply with the Local Rules of the Court and the Court's orders, and for failing to prosecute his action.  ECF No. 27.

Plaintiff did not communicate with the Court from December 20, 2013, until he filed the instant Motion on October 16, 2014.  Plaintiff now claims he was homeless at some point after his release from prison and never received any communication from the Court.

**2.  Discussion**:

As discussed in the Report and Recommendation which recommended dismissal of this action (ECF No. 26), a party to a lawsuit in this Court has an obligation to report any change of address to the Clerk.  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Plaintiff was clearly aware of his responsibility to report any change of address to the Court as evidenced by the notice by telephone he gave to the Clerk of a change of address.  *See* Text Only Notice of October 7, 2013, on the Court's Docket.  Two months later and again by telephone, Plaintiff notified the Clerk of a change of address.  *See* Text Only Notice of December 20, 2013, on the Court's Docket.  Plaintiff made no further attempt to inform the Clerk of lack of address or his difficulty in receiving mail or communicating with the Court.

While the Court is mindful of Plaintiff's assertion he was homeless for several months, this

does not excuse him from complying with the Rules of this Court. Plaintiff claims he was "homeless on the streets of Hot Springs." I note no mailing sent to Plaintiff's last known address was ever returned as undeliverable. If in fact Plaintiff was homeless, he could have appeared in person at the Clerk's office in Hot Springs, Arkansas. Plaintiff then would have been informed of the address and phone number of the Clerk's office in Ft. Smith, Arkansas, in order to provide an updated address and could have informed the Court of his difficulty in receiving mail. There is no information to suggest he did so or attempted to do so. There is no basis to reopen this case on the facts before the Court

Further, the Court lacks jurisdiction to reopen this case. As the Eighth Circuit has held, in a case involving a dismissal by the Court on its own initiative, as is the case here:

> the 'effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.' We think that this principle applies with equal force when the court dismisses a case without prejudice on its own initiative. Therefore, after the initial dismissal, Ms. Norman's case was no longer pending before the court. <u>The court consequently lacked jurisdiction to take any further action in it, including dismissing the case with prejudice</u>.

*Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996). Consequently, this Court lacks jurisdiction to reopen this case, even if the facts warranted same.

**3. Conclusion**:

For the foregoing reasons, I recommend Plaintiff's Motion to Reopen (ECF No. 29) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

   **IT IS SO ORDERED** this **17th day of April 2015.**


             /s/ Barry A. Bryant
             BARRY A. BRYANT
             U.S. MAGISTRATE JUDGE